## DAVID DOWE *vs.* EVERETT J. SMITH.

A claim for necessaries furnished to a married woman during the time while she was prose-
cuting a libel for divorce is not discharged by a decree of court granting the divorce and
allowing alimony to her for her past and future expenses; although the person who furnished
the necessaries was her father, and the libel for divorce was prosecuted under his direction.

CONTRACT brought to recover for necessaries furnished to the
defendant's wife, consisting chiefly of board, clothing, and money
paid for medical attendance, from July 1st 1863 to May 12th
1864. The answer set forth that on or about the 1st of July
1863 the defendant's wife left him against his will and went to
the plaintiff's house and there resided until the commencement
of this action; that under the advice of the plaintiff, who is her
father, she filed a libel for divorce from bed and board, for cruelty,
which libel was prosecuted under the plaintiff's direction, until
at May term 1864 she had judgment in her favor for a divorce,
and it was decreed that the defendant should pay to her fifty
dollars as costs, and one hundred and fifty dollars for the ex-
penses of the support of herself and child already incurred, and
one hundred and forty dollars a year thereafter, in equal quar-
terly payments, all of which the defendant has duly paid. The
plaintiff demurred to this answer, and the demurrer was sus-
tained in the superior court, and judgment ordered for the
plaintiff; and the defendant appealed to this court.

*E. Ames*, for the defendant.

*B. W. Harris*, for the plaintiff.

HOAR, J. The plaintiff's declaration is for necessaries fur-
nished to the defendant's wife and child during the time when
she was prosecuting a libel for divorce. The answer, in sub-
stance, sets up as a defence that when the divorce was decreed,
there was an allowance made to the wife, by order of the court,
for her support while the libel was pending; and that the plain-
tiff assisted her in prosecuting the libel, and obtaining this allow-
ance. This constitutes no legal defence to the action.

To maintain the action, the plaintiff must prove that the sup-
plies were furnished to the wife upon the husband's credit; and

that he authorized her to procure them, either directly, or by implication of law from leaving her without other means of support. This proof would show a debt due from the defendant to the plaintiff. That debt is not discharged by the wife's obtaining a decree that her husband should pay her a sum of money. The plaintiff has no means of making that fund available to him. The wife owes him nothing. He was not a party to the judgment; and there is nothing to show that whatever the wife had already obtained upon her husband's account was not considered by the court in fixing the amount to be paid to her. *Keegan* v. *Smith*, 5 B. & C. 375. That the plaintiff assisted her in her suit has no tendency to show that he agreed to discharge any debt which the husband owed him; and certainly does not estop him from claiming it. *Demurrer sustained.*